UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        -against-

NADER MOHAMAD FARHAT, *also known as "Diesel,"*
ENAYATULLAH KHWAJA, *also known as "Nat,"*
ABDULRAHMAN KHWAJA, RANA RAHIMI,
SHIKEBA RHAMATZADA, ROBERTO SAENZ
AND NASEEM BOKHARI, *also known as "Sammy,"*

                        Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CR-292 (JMA)
18-CR-607 (JMA)

FILED
CLERK
1:33 pm, Mar 31, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Breon Peace
    United States Attorney
Burton T. Ryan, Jr.
Catherine Mirabile
Charles P. Kelly
Madeline M. O'Connor
    Assistant United States Attorneys
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
      *Attorneys for the United States*

Marc A. Agnifilo
Brafman & Associates, P.C.
256 Fifth Avenue Ste 2nd Floor
New York, NY 10001
      *Attorney for Defendant Enayatullah Khwaja*

Roland G. Riopelle
Sercarz & Riopelle, LLP
950 Third Avenue 31st Floor
New York, NY 10022
      *Attorney for Defendant Abdulrahman Khwaja*

Michael F. Bachner
Bachner & Associates, P.C.
39 Broadway Suite 1610
New York, NY 10006
    *Attorney for Defendant Rana Rahimi*

Michael Tremonte
Sher Tremonte LLP
41 Madison Avenue 41st Floor
New York, NY 10010
    *Attorney for Defendant Shikeba Rhamatzada*

Florian Miedel
Miedel & Mysliwiec, LLP
80 Broad Street Suite 1900
New York, NY 10004
    *Attorney for Defendant Roberto Saenz*

Murray Singer
14 Vanderventer Avenue Suite 147
Port Washington, NY 11050
    *Attorney for Defendant Naseem Bokhari*

**AZRACK, United States District Judge:**

Before the Court are the pretrial motions of Defendants Enayatullah Khwaja, also known as "Nat," ("E. Khwaja"), Abdulrahman Khwaja ("A. Khwaja"), Rana Rahimi ("Rahimi"), Shikeba Rhamatzada ("Rhamatzada"), Roberto Saenz ("Saenz") and Naseem Bokhari, also known as "Sammy," ("Bokhari") (collectively, the "Defendants"). (ECF Nos. 236, 237, 242, 239, 243, 250[1] and 18-cr-292 ECF No. 137.) The Court heard oral argument from the parties on these motions on March 11, 2022. Also before the Court is the motion of A. Khwaja and Rhamatzada to vacate seizure warrants and return property. (ECF No. 185.) The Court heard oral argument from the parties on this motion on March 24, 2022.

The Court addresses each motion below.

---

[1] Unless otherwise noted, the referenced ECF Nos. refer to those docketed in 18-cr-607.

**1.    Motion to Sever Trial / Motion to Dismiss or Sever Certain Counts**

Defendants move to sever the trial of A. Khwaja, Rhamatzada, Saenz (the "National Defendants") and Rahimi, from the trial of E. Khwaja and Bokhari (the "Tronix Defendants"). The Court reserves decision on the motion to sever.

A. Khwaja and Rhamatzada also ask the Court to dismiss or sever the following counts: conspiracy to money launder, structuring, and interstate and foreign travel and transportation in aid of a racketeering enterprise. E. Khwaja joins this motion with respect to the conspiracy count and Saenz joins with respect to the conspiracy and interstate and foreign travel and transportation in aid of a racketeering enterprise counts. The Court denies the motion to dismiss these counts. See United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001) ("The dismissal of an indictment is an 'extraordinary remedy' reserved only for extremely limited circumstances implicating fundamental rights"). As stated above, the Court reserves decision on the motion to sever.

**2.    Motion to Suppress Fruits of Searches**

All Defendants move to suppress evidence obtained from the search warrants. Defendants challenge the November 2018 search warrants executed at three offices in New York and Florida and executed at the homes of E. Khwaja, A. Khwaja, Rahimi, and Rhamatzada in New York. (ECF Nos. 237 at 21; 242-1 at 5.) Rahimi also challenges the search warrant of her email. (ECF No. 239-1 at 18.) Defendants argue that there was no probable cause; the warrants violated the particularity requirement; and the government waited nearly ten months to begin searching electronic devices.

The Fourth Amendment bars "unreasonable searches and seizures," and the Warrants Clause provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be

seized." U.S. Const. amend. IV.  The probable cause determination "is not overly strict." United States v. Martin, 426 F.3d 68, 74 (2d Cir. 2005).  In determining whether probable cause exists, the magistrate judge must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Mouzon, No. 16-CR-284, 2016 WL 7188150, at *2 (S.D.N.Y. Dec. 2, 2016) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).  "The quanta of proof necessary to establish probable cause is 'only the probability, and not a prima facie showing, of criminal activity.'" United States v. Wagner, 989 F.2d 69, 72 (2d Cir. 1993) (quoting Gates, 462 U.S. at 235).  The probable cause determination should be approached in a "practical way" using a "flexible, common-sense standard" that recognizes "the training and experience of law enforcement agents in assessing human behavior and evidence." United States v. Bryant, No. 19-CR-80, 2020 WL 5659646, at *2 (S.D.N.Y. Sept. 23, 2020) (citing Gates, 462 at 231-32).  Once the magistrate judge has issued a warrant, the reviewing court must give substantial deference to the magistrate's probable cause determination.  Mouzon, 2016 WL 7188150, at *3.  As the Supreme Court has long held, "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review." Gates, 462 U.S. at 236.

As to the arguments regarding probable cause, the Court finds that Defendants have not provided an adequate basis to overcome the substantial deference given to the Magistrate Judge's findings of probable cause.  The Szwalek search warrant affidavit (Gov't Ex. A, ECF No. 256-1) and Szwalek affidavit for Rahimi's email account (Gov't Ex. C, ECF No. 256-4) both contained support for Judge Shields's findings that there was a "fair probability" that contraband or evidence of a crime would be found in the offices and residences searched, and in Rahimi's email.

4

Second, Defendants argue that the because the November 2018 search warrants lacked a date limitation, they are overbroad and lack particularity and are therefore, facially deficient. (ECF No. 237 at 23-25.)   While the failure of a warrant "to include a temporal limitation on the things to be seized may, in certain circumstances, render a warrant insufficiently particular, there is no consensus in this Circuit 'as to when one is required.'"  United States v. Jacobson, 12-CR-432, 2014 WL 962227, at *8 (E.D.N.Y. Mar. 13, 2014) (quoting United States v. Cohan, 628 F. Supp. 2d 355, 366 (E.D.N.Y. 2009)); see also United States v. Triumph Capital Grp., Inc., 211 F.R.D. 31, 58 (D. Conn. 2002) ("A temporal limitation in a warrant is not an absolute necessity, but is only one indicia of particularity.").  Considering the complexity of the charges and the allegations that the criminal scheme spanned several years, the Court finds that the lack of a temporal limitation does not render the warrants constitutionally defective.  See Jacobson, 4 F. Supp. 3d at 526 (Given that "the crimes under investigation were complex and concerned a long period of time, not simply one or two dates of criminal activity ... in this case, the absence of a time frame did not render the otherwise particularized warrants unconstitutionally general.")  And while "an express time frame of 'within the last three years' or something of a similar nature may have been ideal, the lack of a time frame in itself does not transform what is otherwise a relatively particularized document into an unconstitutional general warrant."  United States v. Hernandez, No. 09-CR-625, 2010 WL 26544, at *11 (S.D.N.Y. Jan. 6, 2010).

Defendants also argue that the warrants lacked particularity.  The Second Circuit has held that to meet the particularity requirement of the Fourth Amendment, a warrant must: (1) "identify the specific offense for which the police have established probable cause"; (2) "describe the place to be searched"; and (3) "specify the items to be seized by their relation to designated crimes." United States v. Galpin, 720 F.3d 436, 445-46 (2d Cir. 2013) (internal citations and quotation marks

omitted). Defendants take issue with the third part of the particularity analysis and challenge the level of detail provided regarding the books, records and electronic devices to be seized. Here, the particularity requirement is met because the November 2018 search warrants included the federal crimes for which evidence was to be seized. See United States v. Dupree, 781 F. Supp. 2d 115, 149 (E.D.N.Y. 2011) (particularity requirement met because warrant form the searching officers of the crimes for which the search is being undertaken).

Finally, as to Defendants' argument that there was a delay in searching the electronic devices, the government has submitted an affidavit from Homeland Security Investigations Agent Szwalek stating that there was no delay in searching the hard or electronic evidence and that the process of searching the electronic evidence began the day that the search warrant was executed. (Szwalek Motion Aff. at ¶¶ 28-44, ECF No. 256-8.)

Accordingly, the Court denies Defendants' motions to suppress the fruits of the search warrant.

3. **Motion to Suppress Fruits of Wiretap or Hold a Franks Hearing**

All Defendants move to suppress the fruits of the wiretap, or in the alternative, to hold a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The Court denies this motion.

On June 2, 2017, the United States Attorney's Office, EDNY submitted an initial application seeking authorization for a wiretap on two cellular telephones used by the defendant E. Khwaja which Judge Seybert authorized. (Gov't Ex. B.) The application included affidavits from Assistant United States Attorney Burton T. Ryan, Jr. and HSI Special Agent John Szwalek. Over the following seven months, Judge Seybert, Judge Spatt, and Judge Bianco reauthorized the wiretap and authorized wiretaps on additional phones including phones belonging to Ramatzada, Rahimi, and Bokhari. (Gov't Br. at 10-12.)

Defendants argue that the wiretap application was deficient because it contains no allegation as to the necessity of the wiretap for A. Khwaja and Ramatzada; that the sworn affidavit supporting the application omitted critical and material information; and that the government failed in its minimization requirement. (ECF No. 237 at 36-44.)

"The standard for probable cause applicable to § 2518 is the same as the standard for a regular search warrant." United States v. Diaz, 176 F.3d 52, 110 (2d Cir. 1999) (internal quotation marks and citation omitted). "To be entitled to a Franks hearing, a defendant must make a 'substantial preliminary showing' that: (1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the judge's probable cause finding." United States v. Guillen, No. 17-CR-512, 2018 WL 5831318, at *5 (S.D.N.Y. Nov. 7, 2018) (quoting United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998)).

First, Defendants argue that the fruits of the wiretap should be suppressed, or a Franks hearing is warranted, because Agent Szwalek's affidavit omitted significant information, and therefore there was no basis for probable cause. (ECF No. 237 at 41-43.) Specifically, Defendants argue the affidavit implied a connection between the National and Tronix companies that does not exist, and the affidavit relied on Ramatzada's concerns about an audit of one the National companies (ISK) but failed to state that ISK cooperated with and passed the audit. (Id.) The Court finds that Defendants have not provided an adequate basis to overcome the substantial deference given to the other Judge's findings of probable cause. As with the search warrants, the Szwalek affidavit contained support for the Judges' findings that there was probable cause for the initial wiretap and subsequent wiretaps. The Court also finds that Defendants have failed to meet either prong of the standard required for a Franks hearing.

Second, A. Khwaja and Ramatzada argue the wiretap failed to establish necessity. (ECF No. 237 at 39.) The Court finds this argument is without merit. 18 U.S.C. § 2518(1)(c) and (3)(c) "require the [wiretap] application [] demonstrate, and the judge authorizing any wire interception to find, that 'normal investigative procedures' have either failed or appear unlikely to succeed. This language, however, is simply designed to assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." United States v. Kahn, 415 U.S. 143, 153 (1974). Here, the wiretap application stated each of the investigative techniques used, attempted or contemplated by the government during its investigation. (Gov't Ex. B.) The Court finds this is sufficient.

Third, Defendants argue that the government failed in its minimization requirements. The Court finds that this argument is without merit. Title III provides that every court order authorizing a wiretap "shall contain a provision that the authorization to intercept ... shall be conducted in such a way as to minimize the interception of communications not otherwise subject to interception." 18 U.S.C. § 2518(5). In Scott v. United States, 436 U.S. 128 (1978), the Supreme Court articulated an "objective reasonableness" standard for determining whether monitoring agents acted in compliance with the statute. Id. at 136–37, 98 S.Ct. 1717 (finding that the existence of a minimization violation "turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time"). Courts applying this standard:

> have evaluated the government's minimization efforts in the context of the entire wiretap, as opposed to a chat-by-chat analysis. The mere fact that every conversation is monitored does not necessarily render the surveillance violative of the minimization requirement of the statute . . . No electronic surveillance can be so conducted that innocent conversation can be totally eliminated.

United States v. Goffer, 756 F. Supp. 2d 588, 592 (S.D.N.Y. 2011), aff'd, 721 F.3d 113 (2d Cir. 2013) (internal citations omitted).

8

Defendants cite to examples of irrelevant intercepted calls including a discussion about a bar-b-que and a discussion about childcare arrangements. (ECF No. 237 at 43-44.) The government includes an affidavit stating minimization instructions were provided to the agents on the wiretap, who were required to read and sign those instructions before working on the wiretap, and stating that over the eight months investigation, there were 1,290 pertinent calls, 3,143 non-pertinent calls and 140 privileged calls which were marked as such by the monitors/translators and never heard by any agent. (Szwalek Motion Aff., ECF No. 256-8.) The Court finds that Defendants have not shown that the government failed to meet the minimization requirements.

Accordingly, the Court denies this motion.

### 4. Motion for Early Disclosure

E. Khwaja and Bokhari move for early disclosure of the 3500 material, the 404(b) letter, witness list, exhibit list, and jury instructions. (ECF No. 242 at 14-15; ECF No. 243.) At oral argument, the parties agreed that the government would produce the 3500 material by August 12, 2022. (Mar. 11 Tr. at 48-49.) The Court directs the government to also provide its exhibit and witness lists to Defendants by August 12, 2022. The request for early disclosure of a 404(b) letter appears to be moot, as the government stated in its brief that it would do so by November 10, 2020. (Gov't Br. at 94.) The Court will issue a separate scheduling order regarding jury instructions.

### 5. Motion for Bill of Particulars

A. Khwaja and Rhamatzada move for a bill of particulars with regard to the structuring count and the travel and transportation in aid of racketeering count. (ECF No. 237 at 44-46.) With regard to the structuring count, at oral argument, the government agreed to confirm that the documents that were previously produced to Defendants reflect the structuring transactions that the government alleges are criminal, and to produce any additional documents if there are any.

9

The government agreed to file a letter with the Court regarding this issue. (Mar. 11 Tr. at 40-41.) Accordingly, the Court denies this portion of the motion as moot. With regard to the travel and transportation in aid of racketeering count, the Court finds that a bill of particulars is not warranted and denies this portion of the motion.

**6. Written Jury Questionnaire**

A. Khwaja and Rhamatzada ask the Court to use a questionnaire for jury selection. (ECF No. 237 at 47-49.) The Court reserves decision on this motion.

**7. Motion for Brady Material: IRS Audit of National's 8300 Compliance**

A. Khwaja and Rhamatzada also moved for the Court to order the government to produce the IRS's audits of the National Companies' compliance with Form 8300 requirements. (ECF No. 237 at 47.) At oral argument, the government represented that these documents would be delivered to the Court. (Mar. 11. Transcript at 47.) These documents have since been delivered to the Court. Accordingly, this motion is denied as moot.

**8. Motion to Vacate Seizure Warrants and Return Property**

Finally, A. Khwaja and Rhamatzada move to vacate the seizure warrants issued in November 2018 by which the government seized funds in various bank accounts associated with A. Khwaja and Rhamatzada, and move pursuant to Federal Rule of Criminal Procedure 41(g) and the Eighth Amendment for return of seized funds. (ECF No. 185.) The Court denies this motion.

Courts routinely deny motions pursuant to Rule 41(g) prior to the conclusion of a criminal proceeding. See United States v. Stegemann, 40 F. Supp. 3d 249, 264-65 (N.D.N.Y. 2014) ("[t]he only means of seeking return of the seized property is Rule 41(g) of the Federal Rules of Criminal Procedure, and that remedy cannot be invoked in this case until the criminal proceedings conclude"), aff'd in part, denied in part on other grounds, 701 F. App'x 35 (2d Cir. 2017) (summary

order); United States v. Hills, 2018 WL 1621088, at *8 (N.D. Ohio April 4, 2018) (" . . . Rule 41(g) is an equitable remedy that may only be used when the defendant lacks an adequate remedy at law . . . under either forfeiture provision, [defendant's] remedy lies in contesting forfeiture at the conclusion of the criminal proceedings"); United States v. Tahir, 2016 WL 641342, at *6 (E.D. Mich. Feb. 18, 2016) ("when there is either a civil or criminal forfeiture procedure under way, a Rule 41(g) motion is not appropriate."); United States v. Sims, 376 F.3d 705, 708 (7th Cir. 2004) ("the proper office of a Rule 41(g), motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed . . . [t]he rule can also be invoked after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence").

Defendants have not shown that they do not have an adequate remedy at law—they can contest forfeiture at a forfeiture proceeding after the criminal case concludes. Moreover, A. Khwaja and Rhamatzada have not shown that they have suffered the type of hardship that another district court found warranted pretrial review and return of seized assets. See United States v. Bikundi, 125 F. Supp. 3d 178, 187-88 (D.D.C. 2015) (granting pretrial review of the traceability of seized assets where "those assets [were] needed for household support"). Defendants have not submitted any evidence or affidavits regarding their alleged hardship. Therefore, this motion is denied.

Accordingly, the Court denies Defendants' motions: (1) to dismiss certain counts; (2) to suppress the fruits of the search and wiretap, or hold a Franks hearing; and (3) for a bill of particulars regarding the travel and transportation in aid of racketeering count. The Court also denies A. Khwaja and Rhamatzada's motion to vacate the seizure warrants and return property. The Court finds as moot Defendants motions: (1) for a bill of particulars regarding the structuring

11

count; (2) for the Brady material regarding the IRS audit; and (3) for early disclosures.  Finally, the Court reserves decision on the motion to sever trial and the motion for a jury questionnaire.

**SO ORDERED.**

Dated: March 31, 2022
       Central Islip, New York

                                          /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE